Lafayette Parish
Filed Dec 29, 2021 10:59 AM
Simone Vaughan
Deputy Clerk of Court

C-20216667

| | |
|---|---|
| **LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT** | **DOCKET NO. _____** |
| V. | **15TH JUDICIAL DISTRICT COURT** |
| **MORBARK, LLC, W. L. DOGGETT, LLC d/b/a DOGGETT MACHINERY SERVICES and CATERPILLAR, INC.** | **PARISH OF LAFAYETTE** |
| | **STATE OF LOUISIANA** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PETITION FOR REDHIBITION AND DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (hereinafter "LCG"), who avers as follows:

### Defendants

1.

Made Defendants herein are:

a. **Morbark, LLC ("Morbark")**, a foreign limited liability company with its principal business establishment in Louisiana located at 501 Louisiana Avenue Baton Rouge, Louisiana 70802.

b. **W.L. Dogget, LLC d/b/a Doggett Machinery Services, LLC ("Dogget")**, a foreign limited liability company with its principal business establishment in Louisiana located at 1011 Daradele Avenue, Baton Rouge, LA 70816.

c. **Caterpillar, Inc. ("CAT")**, a foreign business corporation with its principal business establishment in Louisiana located at 501 Louisiana Avenue Baton Rouge, Louisiana 70802.

### Factual Background

2.

On or about July 6, 2020, LCG purchased a Morbark 1100 Tub Grinder (hereinafter "Tub Grinder") from Doggett for $680,000.00. The Tub Grinder was manufactured by Morbark. Its engine was manufactured and supplied by CAT.

3.

Doggett delivered the Tub Grinder to Lafayette, Louisiana, on or about July 6, 2020.

4.

LCG intended to use the Tub Grinder to compost yard waste dropped off by Lafayette Parish residents. LCG receives revenue for each cubic yard of yard waste received.

1

5.

Since July 6, 2020, LCG has experienced (and continues to experience) numerous problems with the Tub Grinder, including but not limited to malfunctions with the Tub Grinder's engine belt, belt wheel assembly, motors, torque limiter sensors, hydraulic hoses, grinding tips, nuts, bolts, welds, seals, rubber gaskets, alternator, fan assembly, deflector shield, AC compressor, AC dryer, main monitor, and engine.

6.

LCG provided notice to Defendants of these problems. Defendants attempted repairs to the Tub Grinder on numerous occasions to no avail, most recently on October 7, 2021.

7.

LCG incurred costs and expenses attempting to fix/repair these problems with the Tub Grinder.

8.

Because these problems have rendered the Tub Grinder inoperable, LCG had to rent a replacement Tub Grinder on multiple occasions at LCG's own cost.

9.

LCG lost revenue whenever the Tub Grinder was inoperable.

### Warranty Against Redhibitory Defects

10.

LCG adopts and re-urges the allegations and information contained in Paragraphs 1-9 above.

11.

Pursuant to Louisiana Civil Code article 2520, Defendants breached the warranty against redhibitory defects and are liable jointly and in solido.

12.

The above-cited problems with the Tub Grinder are redhibitory defects that render the Tub Grinder useless. The defects also make use of the Tub Grinder so inconvenient that LCG would not have purchased the Tub Grinder had it known of the defects.

13.

These redhibitory defects existed at the time of manufacture and delivery of the Tub Grinder to LCG.

2

14.

These redhibitory defects were not known to LCG at the time of the sale of the Tub Grinder, nor could the defects have been discovered by LCG prior to the sale.

15.

Because of these redhibitory defects, LCG is entitled to obtain rescission of the sale of the Tub Grinder pursuant to Louisiana Civil Code article 2520.

16.

Because Defendants were unable to repair or remedy the redhibitory defects, LCG is entitled to a return of the purchase price of the Tub Grinder with interest pursuant to Louisiana Civil Code article 2531.

17.

LCG is also entitled to reimbursement for the reasonable expenses occasioned by the sale and the costs it incurred to preserve the Tub Grinder, including expenses LCG incurred in maintaining, repairing, and/or attempting to repair the Tub Grinder pursuant to Louisiana Civil Code article 2531 as well as all damages provided for by Louisiana Code of Civil Procedure article 2545, including but not limited to lost profits and attorney's fees.

## Breach of the Warranty of Fitness

18.

LCG adopts and re-urges the allegations and information contained in Paragraphs 1-17 above.

19.

Pursuant to Louisiana Civil Code article 2524, Defendants also breached the warranty of fitness and are liable jointly and in solido.

20.

Because of the above-mentioned problems, the Tub Grinder was not reasonably fit for its ordinary use.

21.

The Tub Grinder was also not fit for LCG's intended use or particular purpose. Defendants knew both LCG's intended use and particular purpose of the Tub Grinder, and LCG relied upon Defendants in selecting the Tub Grinder.

22.

Accordingly, Defendants is liable to LCG for the following damages:

(a) reimbursement of the purchase price of the Tub Grinder, plus interest;

(b) costs and expenses incurred in repairing and/or attempting to repair the Tub Grinder (past, present, and future);

(c) costs and expenses incurred in renting replacement Tub Grinders (past, present, and future); and

(d) lost revenue resulting from inoperation of the Tub Grinder (past, present, and future).

### Warranty Against Hidden Defects

23.

LCG adopts and re-urges the allegations and information contained in Paragraphs 1-22 above.

24.

Pursuant to Louisiana Civil Code article 2475, Defendants are liable to LCG, jointly and in solido, because these defects in the Tub Grinder were hidden from LCG.

25.

Accordingly, Defendants are liable to LCG for the following damages:

(a) reimbursement of the purchase price of the Tub Grinder, plus interest;

(b) costs and expenses incurred in repairing and/or attempting to repair the Tub Grinder (past, present, and future);

(c) costs and expenses incurred in renting replacement Tub Grinders (past, present, and future); and

(d) lost revenue resulting from inoperation of the Tub Grinder (past, present, and future).

### Legal Interest and Costs

26.

LCG adopts and re-urges the allegations and information contained in Paragraphs 1-25 above.

27.

LCG requests legal interest from the date of judicial demand and all costs of these proceedings.

WHEREFORE, premises considered, Plaintiff, LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT ("LCG"), respectfully prays for the following:

4

(a) that Defendants be served with this petition and be duly cited to appear and answer these allegations;

(b) that, after due proceedings are had, judgment be rendered in favor of LCG and against Defendants, jointly and in solido, for the following:

    a. rescission of the sale of the Tub Grinder, with interest to be paid to LCG;
    b. a reasonable amount of damages to be fixed by the Court;
    c. attorneys' fees;
    d. legal interest from the date of judicial demand until paid; and
    e. all costs of court for these proceedings; and

(c) for all general and equitable relief deemed proper in the premises.

Respectfully submitted,

GIBSON LAW PARTNERS, LLC
Attorneys at Law

_____
MICHAEL O. ADLEY (#37009)
ALAN W. STEWART (#34107)
2448 Johnston Street (70503)
Post Office Box 52124
Lafayette, LA 70505
Direct Dial: 337-761-6033
Facsimile: 337-761-6061
Email: michaeladley@gibsonlawpartners.com
Email: alanstewart@gibsonlawpartners.com
*Attorneys for plaintiff Lafayette City-Parish Consolidated Government*

**PLEASE SERVE:**

**W. L. DOGGETT, LLC**
*Through registered agent:*
C T CORPORATION SYSTEM
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**MORBARK, LLC**
*Through registered agent:*
C T CORPORATION SYSTEM
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**CATERPILLAR, INC.**
*Through registered agent:*
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802