UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT** *Plaintiff,* | CA NO.: 6:22-cv-00146 |
| **VERSUS** | **DISTRICT JUDGE JUNEAU** |
| **MORBARK, LLC, W.L. DOGGETT, LLC d/b/a DOGGETT MACHINERY SERVICES and CATERPILLAR, INC.** *Defendants.* | **MAG. JUDGE: WHITEHURST** |

<u>**ANSWER AND AFFIRMATIVE DEFENSES**</u>

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Morbark, LLC (hereinafter "Morbark"), who avers as follows in response to the Plaintiff's Petition for Rehibition and Damages (hereinafter "the Petition"):

<u>**ANSWER**</u>

1.

a.

The allegations of paragraph 1(a) of the Petition are denied as written, except to admit that Morbark is a Michigan limited liability company.

b.

The allegations of paragraph 1(b) pertain to a defendant other than Morbark; therefore, no answer is required. Insofar as an answer may be required, those allegations are denied for lack of sufficient information to justify a belief therein.

c.

The allegations of paragraph 1(c) pertain to a defendant other than Morbark; therefore, no answer is required. Insofar as an answer may be required, those allegations are denied for lack of sufficient information to justify a belief therein.

2.

Morbark admits that it is the manufacturer of the tub grinder at issue in the captioned litigation. The remaining allegations of paragraph 2 of the Petition pertain to a defendant other than Morbark; therefore, no answer is required. Insofar as an answer may be required, those allegations are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of paragraph 3 of the Petition are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of paragraph 4 of the Petition are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of paragraph 5 of the Petition are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of paragraph 6 of the Petition are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of paragraph 7 of the Petition are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of paragraph 8 of the Petition are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of paragraph 9 of the Petition are denied for lack of sufficient information to justify a belief therein.

10.

Morbark reinstates and incorporates herein by reference all of its answers to the allegations raised in paragraphs 1-9 of the Petition.

11.

To the extent they are directed at Morbark, the allegations of paragraph 11 of the Petition are denied.

12.

The allegations of paragraph 12 of the Petition are denied.

13.

The allegations of paragraph 13 of the Petition are denied.

14.

The allegations of paragraph 14 of the Petition are denied.

15.

The allegations of paragraph 15 of the Petition contain a conclusion of law; therefore, no response is required. However, out of an abundance of caution, these allegations are denied.

16.

The allegations of paragraph 16 of the Petition contain a conclusion of law; therefore, no response is required. However, out of an abundance of caution, these allegations are denied.

17.

The allegations of paragraph 17 of the Petition contain a conclusion of law; therefore, no response is required. However, out of an abundance of caution, these allegations are denied.

18.

Morbark reinstates and incorporates herein by reference all of its answers to the allegations raised in paragraphs 1-17 of the Petition.

19.

The allegations of paragraph 19 of the Petition are denied.

20.

The allegations of paragraph 20 of the Petition are denied.

21.

The allegations of paragraph 21 of the Petition are denied for lack of sufficient information to justify a belief therein.

22.

The allegations of paragraph 22 of the Petition are denied.

23.

Morbark reinstates and incorporates herein by reference all of its answers to the allegations raised in paragraphs 1-22 of the Petition.

24.

The allegations of paragraph 24 of the Petition are denied.

25.

The allegations of Paragraph 25 of the Petition are denied.

26.

Morbark reinstates and incorporates herein by reference all of its answers to the allegations raised in paragraphs 1-25 of the Petition.

27.

The allegations of paragraph 27 of the Petition call for conclusions of law for which no answer is required. However, out of an abundance of caution, these allegations are denied.

28.

To the extent that any allegations of fact contained in any unnumbered Paragraphs of the Petition pertain or may be construed to pertain to Morbark, these allegations are denied.

**AFFIRMATIVE DEFENSES**

And now, pleading further, Morbark asserts the following affirmative defenses to Plaintiff's claims.

## FIRST AFFIRMATIVE DEFENSE

The claims of Plaintiff in the Petition are barred by the doctrine of laches and/or the applicable Louisiana law of prescription.

## SECOND AFFIRMATIVE DEFENSE

In the alternative, Morbark is excused from performance of any obligation under the agreements between the parties because of the prior breach by the Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff has an obligation at law to mitigate its damages and having failed to do so, and as a result thereof having increased its damages, may not now seek to recover from Morbark any damages occurring as a result of its failure to mitigate.

## FOURTH AFFIRMATIVE DEFENSE

Without admitting any liability, or that the Plaintiff suffered or will suffer any loss, damage or injury, Morbark alleges, in the alternative, that any loss damage or injury which the Plaintiff suffered or will suffer, as alleged in the Petition or otherwise, is the direct and proximate result of the unforeseen and unforeseeable negligent acts or omissions of an intervening third party or parties, or other acts or omission for which such party or parties may be liable, and that such acts or omissions completely bar, or significantly reduce any recovery against Morbark.

## FIFTH AFFIRMATIVE DEFENSE

Without admitting any liability, or that the Plaintiff suffered or will suffer any loss, damage or injury, Morbark alleges, in the alternative, that any loss damage or injury which the Plaintiff suffered or will suffer, as alleged in the Petition or otherwise, is the direct and

proximate result of the unforeseen forces of the elements of nature and not the result of a product defect.

### SIXTH AFFIRMATIVE DEFENSE

Morbark states that the Plaintiff's claimed damages were caused in whole or in part, not by or as the result of a redhibitory defect, but by unrelated other causes or conditions.

### SEVENTH AFFIRMATIVE DEFENSE

Morbark states that the tub grinder at issue in this lawsuit was free of redhibitory defects and reasonably fit for ordinary use at the time of its manufacture by Morbark.

### EIGHTH AFFIRMATIVE DEFENSE

Without admitting any liability, or that the Plaintiff suffered or will suffer any loss, damage or injury, Morbark alleges, in the alternative, that if the tub grinder that it manufactured at issue in this lawsuit contained redhibitory vices/defects at the time of its manufacture, those defects were such that the Plaintiff should have discovered them as a reasonably prudent buyer of things.

### NINTH AFFIRMATIVE DEFENSE

Without admitting any liability, or that the Plaintiff suffered or will suffer any loss, damage or injury, Morbark alleges, in the alternative, that if the tub grinder that it manufactured at issue in this lawsuit contained redhibitory vices/defects at the time of its manufacture and is found liable to the Plaintiff, Morbark is entitled to a credit from the Plaintiff for any use made of the tub grinder and/or fruits it yielded. Accordingly, Morbark affirmatively pleads the defense of set off and/or compensation for use.

## RESERVATION

Morbark specifically reserves the right to file additional amended and/or supplemental Answers, Third-Party Complaints, Counterclaims and/or Cross-Claims, additional affirmative defenses and/or other matters constituting avoidance such as the facts of this matter may later disclose and require.

## JURY TRIAL

Morbark demands a jury trial on all issues.

## PRAYER

**WHEREFORE,** Morbark respectfully requests that the Plaintiff's claims against Morbark, LLC be dismissed with prejudice and that the Plaintiff take nothing from this Defendant and that Judgment, including attorney's fees and costs, be entered in its favor and against Plaintiff and for such other and further relief at either law or equity to which Morbark may be justly entitled; and further prays for trial by jury.

Respectfully Submitted,

/s/ **PAUL M. LAVELLE**
**PAUL M. LAVELLE** (08134)
SARAH P. REID (33311)
COTTEN SCHMIDT L.L.P.
650 Poydras Street, Suite 1950
New Orleans, LA 70130
Telephone: 504-568-9393
Facsimile: 504-524-1933
plavelle@cottenschmidt.com
sreid@cottenschmidt.com

**ATTORNEYS FOR DEFENDANT, MORBARK, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February, 2022, I served a copy of the foregoing Answer and Affirmative Defendants in Response to the Plaintiff's Petition for Redhibition and Damages to all known counsel of record via the court's CM/ECF system.

/s/ PAUL M. LAVELLE
PAUL M. LAVELLE